NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

SUSAN BENSON, PETITIONER, v. FRANK MACKENZIE,
RESPONDENT.

For the respondent, *Skeffington, Walker & Corrigan.*

\*     \*     \*     \*     \*     \*     \*

The decedent, Thaddeus Ambry, was employed as a captain of the barge "Herbert," which barge was owned and operated by the respondent in their business, and that as such captain he received a weekly wage of $35 per week. It appears from the testimony adduced by the petitioner that on or about March 22d, 1929, the barge "Herbert," of which the decedent was captain, was docked at pier No. 3, at Hoboken, and that the said barge was being used by the respondent in connection with their contract for the Delaware, Lackawanna and Western Railroad Company; that the decedent apparently left the barge that day and was seen that evening by Daniel Turi at about seven-five P. M. near the First National Bank in Jersey City, at which time the witness spoke to the decedent, who was dressed in his working clothes. The witness did not see him thereafter nor is there any testimony introduced to show what became of Thaddeus Ambry beyond that time. It further appears from the testimony adduced that on April 30th, 1929, more than one month having elapsed from the time of his disappearance, the body of Thaddeus Ambry, the decedent, was seen by one Harry Moore, at which time there was a rope about the body and it was made fast to pier No. 2, it appearing that the body

had been recovered in the water and was being brought ashore. It was further brought out by Mr. William Teschmaker, who was the runner for the respondent, that according to the custom of the barge captains within the New York harbor, their hours were from seven A. M. to six P. M., and that at no time was the duration of a tow more than two and one-half hours; that the captains of the barges operated by this respondent were not on twenty-four-hour service and that they were not required to have food aboard, but that they could if they so desired as a matter of convenience; that further, it was not necessary for the captain of the barge to be aboard the barge for same to be moved during the night by the Lackawanna tug.

This witness also testified that when he came aboard the barge "Herbert" on March 23d he found the cabin door locked; that he searched the entire boat without and found no trace of Thaddeus Ambry.

Susan Benson, the petitioner, testified that she was forty-seven years old and a widow, and that she had a daughter sixteen, who occasionally did some work, but that the decedent used to give her cash approximating $10 per week.

Robert Ambry, brother of the decedent, testified that he last saw the decedent on March 17th, 1929; that when he heard his brother was missing he consulted with the respondent and on March 27th he searched the barge in an endeavor to locate his brother, without success; he subsequently, when the body of the decedent was found in the water, identified the body as that of his brother, the decedent.

In every case before a petitioner can receive compensation they must establish an accident arising out of and in the course of the employment. This burden is imposed upon the petitioner by law, and I feel that, after carefully listening to and examining all of the testimony adduced, the petitioner has not sustained the burden placed upon her by law, in that there is not any testimony from which an inference might be drawn so as to show that the decedent met his death by an accident arising out of and in the course of his employment. At best, the testimony merely shows that he dis-

appeared on or about March 22d and that his body was found in the water on April 30th, but there is no testimony adduced to show where he met his death or how he met his death, or any testimony to connect his death definitely with an accident which arose out of and in the course of his employment.

\*       \*       \*       \*       \*       \*       \*

CHARLES E. CORBIN,
*Deputy Commissioner.*